IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF GREATER OHIO, and PLANNED PARENTHOOD SOUTHWEST OHIO REGION,<br><br>      Plaintiffs,<br><br>  v.<br><br>RICHARD HODGES, in his official capacity as Director of the Ohio Department of Health, and TIMOTHY INGRAM, in his official capacity as Commissioner of Hamilton County Public Health,<br><br>      Defendants. | Civil Action No. 1:16-cv-539<br>Judge Michael R. Barrett |

## THIRD DECLARATION OF JERRY H. LAWSON

1. I am the President and Chief Executive Officer of Planned Parenthood Southwest Ohio Region ("PPSWO"). I make this declaration in support of the Opening Trial Brief filed by PPSWO and Planned Parenthood of Greater Ohio ("PPGOH").

2. PPSWO engages in various activities to ensure the protection of a woman's right to safe and lawful abortion. We launch advocacy campaigns designed to reduce the negative stigma around abortion in Ohio and provide Ohioans with the tools they need to support women who choose to have an abortion. We also engage in education and awareness activities designed to educate the public about legislative efforts to restrict access to abortion care. We further advocate for a woman's right to safe and lawful abortion by providing information on college campuses and community health fairs about the importance of reproductive rights and by working with other organizations to educate the general public, as well as target populations, about these rights.

1

3. PPSWO also advocates for a woman's right to abortion through support of its affiliated advocacy organization, Planned Parenthood Advocates of Ohio.

4. PPSWO does not use any government funds to advocate for safe and lawful abortion. In fact, PPSWO scrupulously separates all government funds from all abortion care and abortion advocacy.

5. The services and programs affected by Section 3701.034 have nothing to do with abortion. The contours of these programs are highly structured according to federal and state specifications, and abortion is not promoted under any of these programs. Although the State has suggested that, hypothetically, a program participant could become pregnant, express uncertainty about her pregnancy, ask program staff what her options are, and receive information and counseling about all options for her pregnancy, I am not aware of such a situation happening under the programs affected by Section 3701.034.

6. It is my understanding that ODH has informed Title X providers that they may provide all options counseling, as required by Title X, without running afoul of the statute's disqualification for entities that "promote" abortion. Leslie Mitchell, our Vice President of Education, was informed about this exception by Henry Lustig, an ODH Prep Project Manager, at a regional PREP meeting on April 8, 2016.

7. Prior to 3701.034, providers were selected to receive government funding under the affected programs based on their ability to deliver services.

8. If Section 3701.034 were to go into effect, it would diminish PPSWO's core mission of ensuring access to reproductive health care and education. The programs and services affected by Section 3701.034 are important vehicles through which PPSWO delivers care, ensures continuity of care, and provides critical reproductive health education. And PPSWO

could not readily reconstitute those programs if Section 3701.034 were allowed to take effect and then were later invalidated after the end of this litigation.  Without funding from those programs, PPSWO will be forced to charge for life-saving services, such as screening for sexually transmitted diseases, HIV, and breast and cervical cancer, and end the affected education programs Furthermore, by disqualifying PPSWO from reproductive health services funded under 3701.034, the State jeopardizes PPSWO's ability to provide continuous, comprehensive care to the Ohioans who rely on them for that service.

9. Because of Section 3701.034, PPSWO will also lose access to certain communities and forums.  For example, if deprived of its status as a PREP provider, PPSWO will not have access to the juvenile justice and foster care systems to provide needed information to those who teach teenagers about healthy relationships.  Plaintiffs could no longer access these underserved target populations, and would no longer be able to help educate these young people about sexual and reproductive health, prevention of unintended pregnancies, and healthy relationships, as Congress intended when it funded the program.

10. Section 3701.034 also constrains PPSWO's ability to provide care outside the affected programs.  PPSWO will not be able to provide any free STD, HIV, or breast and cervical cancer screenings if it loses access to funding through the above programs.

11. Nationwide Children's Hospital ("Nationwide") is located in Columbus, Ohio, which is over 100 miles from Cincinnati.  Given that distance and given my understanding that Nationwide does not have staff or infrastructure in the Cincinnati area, I believe that Nationwide is not prepared to provide PREP in Cincinnati.  Familiarity with the local population, as well as a relationship with that population, is important to providing PREP.

12. In 2015, PPSWO performed 3,247 abortions; all but 39 were surgical procedures. From May 1, 2015 through April 30, 2016, PPSWO performed 3,135 abortions.

I state under penalty of perjury that the foregoing is true and correct. Executed on July 18, 2016.


/s/ Jerry H. Lawson                                         July 18, 2016
Jerry H. Lawson                                             Date