**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **PLANNED PARENTHOOD OF GREATER OHIO**, *et al.*, | : : : | |
| Plaintiffs, | : : | Case No. 1:16-cv-539 |
| v. | : : | Judge Michael R. Barrett |
| **RICHARD HODGES,** *et al.*, | : : : | |
| Defendants. | : | |

**DEFENDANT'S AMENDED MOTION IN LIMINE TO EXCLUDE
PLAINTIFFS' EXPERT REPORT OF DR. STANLEY K. HENSHAW**

Defendant Richard Hodges moves under the Fed. R. Evid. to exclude Plaintiffs' expert report of Dr. Stanley Henshaw. The grounds for this motion are set forth in the following memorandum.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General

*s/ Ryan Richardson*
RYAN L. RICHARDSON (0090382)
    * Lead and Trial Counsel
TIFFANY L. CARWILE (0082522)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
ryan.richardson@ohioattorneygeneral.gov
tiffany.carwile@ohioattorneygeneral.gov

*Counsel for Defendant Richard Hodges*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**

I.     **INTRODUCTION**

In the midst of this expedited litigation, Plaintiffs disclosed the report of their retained expert, a "reproductive epidemiologist," Dr. Stanley Henshaw.  Defendant moves to exclude Dr. Henshaw's report (and all information and opinions contained therein) on the grounds that it is irrelevant to the issues before this Court and is, in any event, unreliable.

The critical question in this case is the constitutionality of Ohio Revised Code § 3704.034 ("Ohio's funding law"), which concerns the distribution of public funds related to six government programs offering state-administered health services and educational curricula.  Dr. Henshaw offers no expert analyses or opinions germane to this issue.  Dr. Henshaw has not conducted any studies or analyses specific to the law.  Indeed, he admitted in his deposition that *he has not even read the statute*.  He has not for this case or ever conducted any studies focusing on the State of Ohio.  And even the literature and research he cites in his report relates to other states.  Instead, his report merely (1) recites factual representations about the two Planned Parenthood Plaintiffs in this case that Plaintiffs' counsel provided to him; and (2) offers untested hypotheses about what would happen in the event that both Planned Parenthood Plaintiffs stopped providing abortions.  Even if the Court were to credit this information and opinions (and it should not do so), they would add no probative value to the central issue in this case.  Contrary to the assumption on which the entirety of Dr. Henshaw's opinions rest, both Planned Parenthood entities have unequivocally testified that they will continue to provide abortions unabated.

This Court should exclude Dr. Henshaw's report in its entirety.

**II.	LAW AND ARGUMENT**

    **A.	Standard of Review**

The trial judge must act as a gatekeeper, determining whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 (1993).  Rule 702 of the Federal Rules of Evidence addresses the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Rule 702 of the Federal Rules of Evidence, to determine the admissibility of a proposed expert's opinion, the trial court should determine whether the opinion satisfies three requirements: "First, the witness must be qualified by 'knowledge, skill, experience, training, or education.'  Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'  Third, the testimony must be reliable." *In re Scrap Metal*, 527 F.3d 517, 528-29 (6th Cir. 2008) (quoting Fed. R. Evid. 702).  Additionally, the party proffering the expert opinion bears the burden of proving these elements of admissibility.  *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir.2000).  Planned Parenthood cannot satisfy this burden.

### B. Dr. Henshaw's report is irrelevant.

As a threshold matter, Dr. Henshaw's report should be excluded because it is irrelevant to the disputed issues in this case. To be admissible, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591; *see also In re Scrap Metal*, 527 F.3d at 529. Under the Federal Rules of Evidence, "[e]vidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed.R.Evid. 401.

Dr. Henshaw's report and opinions fail this basic test. He has not studied the specific funding programs at issue. And though the ostensible purpose of Dr. Henshaw's report is to opine on the impact of the challenged law, he has not conducted or even reviewed any studies or research related to the statute. Indeed, he admitted in his deposition that *he has not even read the statute*. Henshaw Depo. at 13:9-15.

Moreover, all of Dr. Henshaw's opinions rest on the invalid assumption that the law in this case would force the two Planned Parenthood Plaintiffs to stop providing abortions. *Id.* at 23:11-22. Dr. Henshaw testified that, if Plaintiffs continued to provide abortions, then the alleged conclusions and impacts would not occur—*i.e.* there would be no burden on women in Ohio. *Id.* at 40:13-17. The undisputed testimony from both Plaintiffs is that they will not stop performing abortions in Ohio. *See* PPSWO Depo. at 258: 2-5, 22-25; PPGOH Depo. at 269:15-270:5. Thus, Dr. Henshaw's conclusions, by his own admission, will not come to fruition. Dr. Henshaw's report therefore offers no probative value and should be excluded. *See United States v. Williams*, 215 F. App'x 453,

4

*1, (6th Cir. 2007) (holding that expert testimony is properly excluded as irrelevant when the report offers "little to no probative value").

Because the report is not relevant and will not assist in understanding the evidence or determining a fact at issue, this Court should exclude the report.

### C. Dr. Henshaw's opinions do not rise to the necessary level of reliability.

Dr. Henshaw's report should be excluded on the independent reason that it is not reliable. The district court has been described as a "gatekeeper" in making these determinations and must evaluate relevancy and reliability with "heightened care." *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012). When the proffered evidence's "factual basis, data, principles, methods, or their application are called sufficiently into question, the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). (citations and quotation omitted) (alteration in original).

The Sixth Circuit identified certain "red flags" in an expert's methodology, including anecdotal evidence, improper extrapolation, failure to consider other possible causes, and a lack of testing. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 528 (6th Cir. 2012). These concerns have been deemed sufficient to warrant exclusion in prior cases. *See, e.g.*, *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 177-78 (6th Cir. 2009); *Brown v. Raymond Corp.*, 432 F.3d 640, 647-48 (6th Cir. 2005); *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 869-70 (7th Cir. 2001).

There are two reasons why this Court should exclude Dr. Henshaw's report as unreliable. First, Dr. Henshaw's factual basis and information is unreliable. Much of Dr. Henshaw's report merely recites verbatim the unverified factual representations

Planned Parenthood's counsel provided him.  Dr. Henshaw testified that he had not read the statute at issue and that his understanding of the law came solely from Plaintiffs' counsel.  *See* Henshaw Depo. at 13:9-15, 18:20-19:10.  His failure to actually read the statute at issue led him to believe that the statute cut off Medicaid and other state support to organizations that provide abortions.  *Id.* at 12:25-13:8.  The challenged statute makes no mention of Medicaid funding, and Plaintiffs are still eligible to receive other state grants that are not one of the six enumerated in Section 3701.034.  *See* Ohio Rev. Code § 3701.034; PPSWO Depo at 43:20-44:15 (noting that PPSWO still receives a grant from ODH for HIV testing).  Dr. Henshaw believed that the statute required Plaintiffs to choose between receiving these state funds and providing abortions.  Henshaw Depo. at 23:11-22. If the statute required such a choice, knowing the exact scope of the law (rather than relying on incorrect information regarding the law's scope) would be necessary in evaluating that supposed choice.

Furthermore, Dr. Henshaw testified that the statistics regarding the number of abortions provided in Ohio came from Plaintiffs' counsel, and that he did not independently verify these numbers.  *Id.* at 24:25-25:6.  Compounding this concern is that similar statistics were included in the Complaint regarding the percentage of abortions provided by Plaintiffs in Ohio.  *See* Compl. ¶ 9.  However, when asked how this percentage was calculated, the representative for PPSWO did not know and also did not know who conducted the calculation.  PPSWO Depo at 108:23-109:21.  Without knowing the source of these statistics or how the calculations were made, these numbers are inherently unreliable.

Second, Dr. Henshaw's report contains improper extrapolation and a lack of testing. For example, Dr. Henshaw relies on studies from three states—Texas, Georgia, and Washington. Henshaw Depo. at 27:7-12. He then extrapolates from these three studies to make estimates for Ohio. *Id.* at 27:16-28:2. However, he undertook no analysis on whether these three states were a representative sample of the United States, such that extrapolation could be made to other states. *Id.* at 31:7-14. He did not undertake any study as to how Ohio might differ from those three states, such as urban versus rural, demographics, or socio-economic differences. *Id.* at 32:22-33:8, 35:2-11. Indeed, Dr. Henshaw admitted that income had an effect on burden, but that he had conducted no analysis of income in Ohio or how it compares to Texas, Georgia, or Washington. *Id.* at 34:15-35:25. In fact, besides calculating the distance between certain Ohio cities, Dr. Henshaw conducted no analysis or testing specific to Ohio. *Id.* at 16:2-8. Moreover, Dr. Henshaw uses substantively similar reports that come to the same conclusions in two other states—Alabama and Wisconsin—but without any testing or modification (other than distances) specific to Ohio. *Id.* at 12:14-19; 13:22-14:14.

The lack of a reliable factual basis for the information in the report coupled with the improper extrapolation and lack of testing shows that Dr. Henshaw's report in unreliable. It contains a number of the "red flags" identified by the Sixth Circuit that warrant the exclusion of the report. *Newell Rubbermaid, Inc.*, 676 F.3d at 528. Accordingly, Defendant Hodges asks this Court to exclude Dr. Henshaw's report as unreliable under *Daubert* and its progeny.

### III. CONCLUSION

Because Plaintiffs have not and cannot meet their burden of showing that the proffered expert report is reliable and relevant, the Court should exclude the expert report of Dr. Stanley Henshaw.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General

*s/ Ryan Richardson*
RYAN L. RICHARDSON (0090382)
       * Lead and Trial Counsel
TIFFANY L. CARWILE (0082522)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
ryan.richardson@ohioattorneygeneral.gov
tiffany.carwile@ohioattorneygeneral.gov

*Counsel for Defendant Richard Hodges*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on July 20, 2016, and served upon all parties of record via the court's electronic filing system.

*s/ Ryan Richardson*
RYAN L. RICHARDSON (0090382)