UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Planned Parenthood of
Greater Ohio, *et al.*,

        Plaintiffs,

v.

Richard Hodges, *et al.*,

        Defendants.

Case No.  1:16cv539

Judge Michael R. Barrett

## OPINION AND ORDER

This matter came before the Court on Defendant's Motion for Clarification of this Court's May 23, 2016 Temporary Restraining Order (Doc. 33), Plaintiffs' Memorandum in Response to Defendant's Motion for Clarification of the TRO (Doc. 49) and the Declarations related thereto submitted by the parties.

By way of background, Planned Parenthood of Greater Ohio ("PPGOH") and Planned Parenthood Southwest Ohio Region ("PPSWO") have been involved in the provision of health services in the communities they serve.  These services, in addition to abortion and reproductive health services, also include infant mortality prevention programs, sex health education programs and various screenings for cancer and other illnesses.

On February 21, 2016, the Governor signed into law Substitute H.B. No. 294. Ohio Revised H. B. No. 294 codified Ohio Revised Code §3701.034.  On March 24, 2016, the Ohio Department of Health ("ODH" or "the Department") informed Plaintiffs that the Department's interpretation of Section 3701.034 categorically disqualified any

entity that performs or promotes non-therapeutic abortions or affiliates with any entity that does so from receiving state or federal funds.  (See, generally, Complaint, Doc. 1, ¶ 4).  PPGOH and PPSWO filed their complaint for injunctive relief on May 11, 2016.  Section 3701.034 was scheduled to take effect on May 23, 2016.  This Court issued an Order on May 23, 2016 enjoining the enforcement of Section 3701.034 and requiring the Department to accept and consider Plaintiffs' application for grants without regard to Section 3701.034.

The Department now asks this Court to clarify the TRO and enter an order that states that the Department is not required under the TRO to consider a grant application under the Personal Responsibility Education Program ("PREP") from PPGOH.  The reason provided by the Department is that PPGOH failed to apply for the PREP grant by the applicable deadline.  PPGOH counters that the Department refused to accept their application.  PPGOH maintains that such refusal violates this Court's TRO.

Henry Lustig, who serves as the Department's Health Planning Administrator/PREP Program Manager, testified through declaration that the solicitation for the PREP grant was posted on March 9, 2016 and the application deadline was April 18, 2016.  (Doc. 33-1, Lustig Decl., ¶ 3).   Mr. Lustig states that PPGOH did not submit an application by the April 18, 2016 deadline.  (Doc. 33-1, ¶ 5).  Mr. Lustig indicates that unlike PPGOH, PPSWO contacted the Department on April 5, 2016, requesting permission to apply and, thereafter, submitted a timely application.  (Doc. 33-1, ¶ 4).  PPSWO explains that Mr. Lustig "configured" the Grant Management Information System, an electronic application system, in order for them to apply.  Mr. Lustig indicates that during an April 19, 2016 meeting, PPGOH indicated that PPGOH had an

application ready but was waiting to submit the application until the Court determined whether or not the statute is legal.  (Doc. 33-1, ¶ 6).

PPGOH asserts that the Department's computer system prevented PPGOH from applying.  In support of their position, PPGOH supplied the Declaration of Diego Espino, Vice President of Community Engagement for PPGOH.  Mr. Espino acknowledges that the deadline for requests for proposals for PREP grants was April 18, 2016. (Doc. 49-1, Espino Decl., ¶ 2).  Mr. Espino explains that the Department informed PPGOH that under Section 3701.034, they were not an eligible PREP grant recipient and could not submit applications for the grant. (Doc. 49-1, ¶5, Ex. A).  Mr. Espino states that once the application period opened in March of 2016, PPGOH was physically blocked by the Department from electronically filing its application through the Grants Management Information System.  (Doc. 49-1, ¶ 8).  Espino indicates that this is the only manner in which a recipient can apply for the PREP grant.  (Doc. 49-1, ¶ 8, Ex. B).  Therefore, PPGOH was blocked during the posted application period.  Espino further declares that Mr. Lustig told him that, if a Court Order was entered after the April 18, 2016 deadline, they would re-open the PREP grant application process.  (Espino Dec. 49-1, ¶¶ 10, 11).

Ordinarily, the Court would place little value on unofficial assurances made by a representative of a governmental entity.   In this circumstance, the Declaration of Mr. Espino, which is not contradicted by the Department, is that on more than one occasion there was discussion between the Department and PPGOH wherein they were informed they were not eligible and could not submit an application. (Doc. 49-1, ¶¶4, 5).  For some unexplained reason when PPSWO expressed similar intent, the Grants Management Information System was configured to permit the application.  PPGOH

indicates that the Department was aware of its intent to apply and was told that if there was a TRO they would be informed of the application opening. (Doc. 49-1, ¶¶10, 11). They attest the Department gave PPGOH no such notice (Doc. 49-1, ¶12) and apparently, as of yet, has still not informed PPGOH that the system has been configured to accept their application.

Therefore, it is an untenable position to block PPGOH's access to the Grants Management Information System and now use the Department's own actions to frustrate the PPGOH application for the PREP funding.

Defendant's Motion for Clarification of this Court's May 23, 2016 Temporary Restraining Order (Doc. 33) is **DENIED**. Consistent with the Court's Temporary Restraining Order of May 23, 2016 the Department "shall accept and consider without regard to Section 3701.034" PPGOH's PREP application.

**IT IS SO ORDERED**.

                                                                _/s/ Michael R. Barrett_
                                                             Michael R. Barrett, Judge
                                                            United States District Court